## COMMONWEALTH *vs.* MISTRESS WILSON.

An indictment upon *St.* 1852, *c.* 322, § 12, alleging that the defendant was a common seller of spirituous liquors " without having any license, appointment, or authority therefor, first duly had and obtained according to law," sufficiently avers a want of authority in the defendant to sell.

AN indictment, under *St.* 1852, *c.* 322, § 12, alleged that the defendant, " without having any license, appointment, or authority therefor, first duly had and obtained according to law, was a common seller of spirituous and intoxicating liquors, the same not being cider then and there manufactured, and sold for other purposes than that of a beverage, and the same not being the fruit of the vine, &c."   After a verdict of guilty, the defendant moved in arrest of judgment, because the indictment did not sufficiently negative an authority or license in the defendant to sell.

*T. G. Abbott,* for the defendant.

*R. Choate,* (attorney-general,) for the commonwealth.

DEWEY, J. This is an indictment under 12th section of *St.* 1852, *c.* 322. The enacting clause here contains only one exception, viz : " without being duly appointed or authorized as aforesaid." This exception must be negatived, and if so done, the indictment is sufficient. *Commonwealth* v. *Hart,* ante, 130. This indictment does directly allege that the acts complained of were done " without having any license, appointment, or authority therefor, first duly had and obtained according to law." The only cases of appointment and authority are those of town agents and manufacturers. Are these exceptions negatived ? It is argued on the part of the defendant that they are not; that the exception negatived is, that he was not authorized or appointed a common seller, which may be so, and yet the party duly appointed a town agent, or licensed as a manufacturer. In the opinion of the court, this is not the correct view of the statute. Section 12 has introduced the term " a common seller," and made it a penal offence to be such common seller, " without being duly appointed or authorized as aforesaid." Hence, those who are thus appointed town agents, or licensed as manufacturers, may properly be declared common sellers. They do exactly the acts that have always been held to constitute a common seller, viz : sell to great numbers of people. Three sales have been always held enough to constitute one a common seller. But if appointed or duly licensed, they are not subject to any penalty therefor. If common sellers, without having any license, appointment, or authority therefor, the penalty attaches.

We think this indictment sufficient, and the motion in arrest of judgment cannot prevail.

`Motion in arrest overruled.`